# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

QUINTON LOMAR JONES-WHITAKER,

      Defendant-Appellant.

UNPUBLISHED
October 20, 2015

No. 320698
Wayne Circuit Court
LC No. 13-006678-FC

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, carjacking, MCL 750.529a, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to concurrent terms of 126 to 240 months' imprisonment for the armed robbery and carjacking convictions, preceded by a consecutive term of two years' imprisonment for the felony-firearm conviction. Defendant appeals as of right, and we affirm.

Throughout the day and into the evening of June 15, 2013, the victim received and responded to a series of text messages, communicating with a person whom the victim believed was an old female friend from high school, Shamika Currington.[1] Eventually, the victim agreed to meet the texter at a particular address. The victim arrived at the address in the early-morning hours of June 16, 2013, about 12:30 a.m., and shortly thereafter he was robbed and carjacked at gunpoint by two assailants. The victim identified defendant as one of the perpetrators. Evidence was presented showing that the victim called the police with respect to the completed robbery and carjacking at around 12:45 a.m. Accordingly, the crimes were actively committed in the early-morning hours of June 16, 2013, prior to 1:00 a.m., with the preliminary steps setting up the crimes, i.e., the sending of text messages, taking place on June 15, 2013.

At trial, defendant's friend, Clinton Butts, and defendant's girlfriend, Currington, testified on behalf of defendant, ostensibly intending to provide an alibi defense. Butts initially

---

[1] Currington testified that she was the victim's former girlfriend, and she denied having any contact with the victim since December 2010.

testified that he did not speak to or see defendant on June 16, 2013,[2] and that he spoke to and played basketball with defendant on June 15th. Butts then testified that he was with defendant "[a]lmost every day" in June, clarifying that he was with defendant on June 15th and 16th. Defense counsel then drew Butts's attention to June 16th, with Butts testifying that he played basketball with defendant that day and that defendant had picked him up from Butts's grandmother's home. According to Butts, after being picked up by defendant on June 16th, the two stopped at a Citgo gas station, then went to a "weed house," and next proceeded to Butts's home. As developed through direct and cross examination, Butts indicated that defendant had picked him up from his grandmother's house around 9:00 p.m. on June 16th and that, after making the two stops, the pair had arrived at Butts's home about a half-hour later. Butts testified that, upon arrival at his house, he and defendant smoked marijuana and played video games for approximately three hours or until well after midnight,[3] at which time defendant left to pick up Currington from her job. In summation, Butts's testimony vaguely referred to Butts speaking to and playing basketball with defendant on June 15th, absent any mention of a particular timeframe, and his testimony reflected that he first saw defendant at 9:00 p.m. on June 16th, well after the robbery and carjacking had occurred around 12:30 to 12:45 a.m. on June 16th.

Currington next took the stand, and defense counsel immediately drew her attention to June 16th, starting at "12:00 noon." Currington testified that she was at home with defendant at the time and that the two of them then went to get something to eat. According to Currington, defendant dropped her off at work in his car around 5:00 p.m. on June 16th. Currington testified that she finished work at 2:50 a.m. on June 17th and that defendant picked her up at that time. As elicited by defense counsel, Currington testified that she had work breaks at 7:30 p.m., 9:30 p.m., and midnight, and that she talked to defendant by phone during each of these breaks. Currington testified that defendant was with Butts when she placed the 9:30 p.m. phone call on June 16th. Currington's testimony ultimately did not provide defendant an alibi for the period when the text messaging was occurring on June 15th, nor did her testimony provide defendant an alibi when the crimes were being committed in the early-morning hours of June 16th.

Defendant testified on his own behalf, and the focus of his testimony, as guided by defense counsel's questioning, was on his actions on June 16th and June 17th. And the testimony with respect to June 16th did not allude to defendant's actions or whereabouts from 12:00 to 1:00 a.m., but merely pertained to daytime events. Defendant's testimony concerning June 16th was fairly consistent with the testimony given by Butts and Currington regarding that date and their interactions with defendant. Essentially, defendant did not give himself an alibi for June 15th and the early-morning hours of June 16th, during which time the criminal transaction evolved and was completed. However, he did adamantly deny any involvement whatsoever in the text messaging, robbery, and carjacking.

---

[2] Hereafter, when providing dates, we shall not indicate the year; all the dates will pertain to the year 2013.

[3] This would take us into June 17th. We note that it is never made clear when Butts and defendant played basketball together on June 16th, but there was no testimony indicating that they did so before 1:00 a.m. on said date.

During the prosecutor's closing argument, not her rebuttal, she emphasized that the testimony by Butts, Currington, and defendant himself established defendant's presence and actions with respect to the daytime and evening hours of June 16th and the morning of June 17th, but not in regard to the evening of June 15th through the early-morning hours of June 16th, which was the pertinent timeframe. In defense counsel's closing argument, she focused on challenging the victim's identification of defendant as one of the perpetrators and the quality of the police department's investigation. At the end of her argument, defense counsel very briefly and quickly alluded to the "alibi" witnesses, making a broad reference to the date of June 16th. Defendant was convicted by the jury of armed robbery, carjacking, and felony-firearm.

The trial court conducted a *Ginther*[4] hearing, and defense counsel testified that the relevant timeframe was from the evening of June 15th into the morning of June 16th, observing that if there was any confusion, "so be it." Defense counsel stated that Butts had been with defendant "from the 15th to the 16th which would have been the morning of the 16th."[5] The trial court concluded that defense counsel's performance did not fall below an objective standard of reasonableness and that defendant did not establish prejudice.[6]

On appeal, defendant argues that he was denied the effective assistance of counsel, where defense counsel engaged in examination of the alibi witnesses relative to the wrong dates and timeframe, entirely undermining the alibi defense, and where counsel failed to call other available alibi witnesses.

Whether a defendant received the effective assistance of counsel is a mixed question of fact and law that we review, respectively, for clear error and de novo. *People v Ackley*, __ Mich

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[5] We do note that Butts answered in the affirmative when broadly asked whether he had been with defendant on June 15th and 16th, but eventually there was no elaboration as to June 15th, and the follow-up testimony regarding June 16th concerned daytime and evening activities.

[6] We note that defendant, along with seeking a *Ginther* hearing, had moved for a new trial, raising several issues, including a claim that the verdict was against the great weight of the evidence. On November 10, 2014, the trial court issued a written eight-page opinion and an accompanying order, denying defendant's motion, which the court incorrectly framed as a motion for relief from judgment. Indeed, the court's opinion analyzed defendant's motion under the principles applicable to a motion for post-appeal relief, MCR 6.501 *et seq.* The opinion accurately indicated that defendant had been convicted in January 2014, but then referenced affirmation of his convictions *in 2012* by this Court and a denial of leave by the Supreme Court in 2012, which obviously is not accurate. There have been no prior appeals in this case. The trial court's written opinion rejected defendant's claims of ineffective assistance of counsel. Thereafter, on November 14, 2014, the trial court conducted the *Ginther* hearing. At the end of the *Ginther* hearing, the court ruled from the bench, finding that counsel's performance was not deficient, nor was defendant prejudiced. To be clear, defendant's appeal is properly one of right, as filed, and not an appeal from a ruling on a motion brought under Chapter 6.500, which would be by application for leave, MCR 6.509(A).

__, __; __ NW2d __ (2015); slip op at 6. "To obtain relief for the denial of the effective assistance of counsel, the defendant must show that counsel's performance fell short of . . . [an] objective standard of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the outcome . . . would have been different." *Id.* at __; slip op at 7 (quotation marks omitted). A defendant must overcome the strong presumption that counsel's performance constituted sound trial strategy, but an appellate court is not permitted to insulate the review of counsel's performance by simply calling it trial strategy – the strategy must be sound, with decisions being objectively reasonable. *Id.*

Here, we shall start with the assumption that defense counsel's performance was deficient, accepting for purposes of our analysis that counsel did not realize in examining Butts, Currington, and defendant that she placed her focus on the wrong timeframe relative to presenting an alibi defense. Defendant's appeal fails because he cannot establish the requisite prejudice.

Despite being given the opportunity to elicit testimony at the *Ginther* hearing, the defense did not obtain, nor attempt to obtain, testimony from Butts, Currington, or defendant himself, showing that these individuals would have testified in support of an alibi relative to the time the crimes were perpetrated had they been properly questioned in regard to the pertinent timeframe. Further, defendant failed to submit any affidavits making such a showing. Butts did provide a written statement to police, but in the statement he spoke about being with defendant on July 16th, which is not even the correct month of the crime. The remainder of Butts's statement was generally consistent with his trial testimony, which, again, lent little if any support for an alibi defense because it primarily pertained to interactions with defendant during the daytime and evening hours of June 16th. Butts did not indicate in the written police statement that he was with defendant on the night of June 15th and during the early-morning hours of June 16th.[7] The bottom line is that defendant has not established that had defense counsel's performance been sound, he would have been able to present a viable alibi defense absent the enormous shortcomings of the defense actually presented to the jury. In defendant's appellate brief, on the issue of prejudice, he argues that a properly-presented alibi defense would have affected the outcome of the proceedings given the victim's tenuous identification of defendant. However, this argument assumes, improperly so, that Butts and Currington would indeed have testified to being with defendant, or that defendant would have testified to being with Butts and/or Currington, at the time of the texting and the robbery and carjacking. Defendant has failed to satisfy his burden to show a reasonable probability that the outcome of the proceedings would have been different but for counsel's presumed deficient performance.

Defendant also argues that defense counsel's performance fell below an objective standard of reasonableness because she failed to call three other individuals who could have

---

[7] We note that even had Butts claimed in his written statement that he was with defendant during the relevant timeframe, testimony from Butts at the *Ginther* hearing or an affidavit would still have been necessary to show prejudice, given that the statement was made before Butts's trial testimony that essentially failed to provide an alibi.

served as valid alibi witnesses. The only information relied on by defendant in support of this argument comes from Butts's written statement to police, in which he mentioned being present with defendant, along with Butts's younger brother and two of his cousins. However, we have no *Ginther* hearing testimony from these individuals, nor affidavits, and, as mentioned above, Butts's written statement refers to being with defendant on July 16th, absent any mention of the correct month and the specific relevant timeframe. With respect to these three individuals and the failure to call them as alibi witnesses, we hold that defendant has failed to show that counsel's performance was deficient and that, regardless, prejudice has not been established.[8]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy

---

[8] Defendant requests that we remand for correction of the trial court's written opinion and order, considering the inaccurate references to appeals and the improper employment of Chapter 6.500, which governs post-appeal relief. Defendant fears the possibility of losing his rights to later pursue an avenue for relief under Chapter 6.500, given its limited application. We find it unnecessary to order a remand, as this opinion and our discussion in footnote 6, *supra*, shall serve and suffice to establish that defendant's motion below was simply one for a new trial and a *Ginther* hearing and did not implicate in any manner Chapter 6.500.